## WASHINGTON GAS LIGHT COMPANY, a body corporate, Appellant,

### v.

## GLOBE INDEMNITY COMPANY, a body corporate, Appellee.

### No. 1930.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 11, 1957.

Decided April 4, 1957.

---

Harry L. Ryan, Jr., Washington, D. C., W. Edward Gallagher, Washington, D. C., on the brief, for appellant.

John J. Pyne, Washington, D. C., Hugh Lynch, Jr., and Charles E. Channing, Jr., Washington, D. C., on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee insurance company paid $695 to its insured on account of damage to a truck owned by the insured, and as subrogee brought this action against appellant gas company on the theory that the gas company's negligence caused the damage to the truck. The parties stipulated the right of the insurance company as subrogee and the amount of damages, and the case was tried solely on the issue of the gas company's negligence. At trial without a jury the gas company offered no evidence and the insurance company was awarded judgment. This appeal raises the question whether the insurance company's evidence supported a finding of negligence on the part of the gas company.

The evidence was that the insured, engaged in paving and concrete work, had a contract to grade and pave with macadam "black top" the area surrounding a building being constructed for a car-wash business in Montgomery County, Maryland. The insured commenced its work when the building was nearing completion. Preliminary to paving, the insured was putting gravel to the rear of the building and removing excess earth from the front. Three trucks and a machine described as a "front-end dozer loader" were employed in this work. On the day in question one truck, having delivered gravel to the rear, was driven to the front and stopped for a load of earth from the dozer-loader. When the truck was loaded the driver started the motor and immediately the truck became engulfed in flames. The fire department came and when the truck was moved from the area a column of flame continued to rise from a point in the ground at the place where the truck had stopped for loading. When the firemen were able to smother the flames with water the muddy water continued to bubble. Excavation unearthed a gas valve box with a broken valve.

The claims of negligence were (1) the installation of a "lawn" type valve box under conditions which required a heavy duty or "street" type box, and (2) the failure to mark the location of the box. The insured's president testified that the "lawn" type box was unsuitable for locations subject to vehicular traffic where the surface consisted of macadam or other black top, and would either break or sink. He further testified that it was customary practice for utility companies to mark their utility outlets with markers of some kind, that the gas company used a yellow stick for this purpose, but that on all of his visits to the job he had seen no such marker.

The gas company, conceding a stringent duty upon it to use a high degree of care in the selection and installation of its pipes and fittings and the maintenance of its system,[1] nevertheless argues that the evi-

---

1. See Washington Gas Light Co. v. Biancaniello, 87 U.S.App.D.C. 164, 183 F.2d 982.

dence does not support a finding of negligence on its part. This argument rests in large part on the absence of testimony that the gas company installed the valve box, because in its brief it concedes that had there been any testimony that it installed the box it would have been incumbent upon it to offer testimony concerning the installation. Although there was no direct evidence that the gas company installed the box, in its answer the gas company admitted ownership of the box; and certainly it would be a reasonable inference that the company installed its own box. Of course it is possible that the company did not install the box, that the box was of a proper type, and that when installed it was properly marked; but in the absence of any evidence to that effect, the trial court on the unopposed evidence presented to it had ample basis for finding negligence on the part of the gas company resulting in the damage to the truck.

Affirmed.